UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

Charles P. Guarino, Esq.
Nicoll, Davis & Spinella LLP
95 Route 17 South, Suite 203
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Plaintiff, N.V.E., Inc.

| | |
|---|---|
| N.V.E., INC., | Hon. |
| Plaintiff, | Civil Action No.          (     ) |
| vs. | |
| | Civil Action |
| SCOT FAMOUS, | |
| Defendant. | **COMPLAINT AND JURY DEMAND** |

Plaintiff, N.V.E., Inc. ("NVE" or "Plaintiff"), by its attorneys, complaining of the named Defendant, for its complaint alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for trademark infringement, counterfeiting, false advertising, false designation of origin, unfair competition, and dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127 and the common and statutory laws of the State of New Jersey.

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338 and 15 U.S.C. §1121 as well as and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## THE PARTIES

3. Plaintiff, N.V.E., Inc. ("NVE"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 15 Whitehall Road, Andover, New Jersey.

4. On information and belief, Defendant Scot Famous ("Famous") is an individual located at 754 Maple Avenue, Brick, New Jersey 08724, who is engaged in the business of sales, distribution and marketing of various dietary supplement products.

## PLAINTIFF'S HISTORY

5. Since 1980, NVE has and continues to manufacture and sell nutritional and dietary supplement products directly to the public as well as to distributors and wholesalers on a nationwide basis. NVE's reputation has been and continues to be enviable both in the trade and to the general consuming public. NVE is well known to users of nutritional and dietary supplements as well as to retailers and distributors in the industry. NVE's product line includes many supplements that use unique and distinctive logos, labeling, bottling and capsule combinations.

6. Among the products it created, manufactures and sells, NVE has continuously marketed a nutritional supplement under the inherently distinctive mark STACKER 2 since August 14, 1996.

7. NVE obtained a registration for the mark STACKER 2 on the Principal Register of the United States Patent and Trademark Office, as U.S. Trademark Registration No. 2,190,936 (attached as **Exhibit A** is a true copy of the US-PTO registration record). This registration is valid, subsisting, and in full force and effect, and has become incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).

8. Since its introduction, the STACKER 2 mark has been prominently displayed on Plaintiff's products, packaging, promotional material, advertisements and catalogues. NVE has

also packaged its STACKER 2 product with an inherently distinctive trade dress, including its label design, clear bottle, and distinctive yellow capsule.

9.    The STACKER 2 mark and associated trade dress distinguishes NVE as the source of these products.

10.   In addition to the above, NVE maintains rights to other registered and common law trademarks including STACKER 3, YELLOW SWARM, JAG, BLACK BEAUTY, YELLOW JACKET, MIDNIGHT STALLION, and FEEL THE STING (collectively known as the "NVE Marks") and trade dress rights in connection with the manufacture and sale of nutritional and dietary supplement products (the "NVE Trade Dress"; collectively, "NVE's Marks and Trade Dress");

11.   NVE's Marks and Trade Dress have been extensively promoted by NVE to its customers through various forms of national media, including television, radio, print, and the internet.

12.   As a result of the unique and inherently distinctive nature of NVE's Marks and Trade Dress, and NVE's extensive nationwide display, sales, promotion, and use of same, NVE's Marks and Trade Dress have become associated with NVE in the minds of the trade and the consuming public.

13.   NVE's Marks and Trade Dress distinguish NVE as the source of these products.

## DEFENDANT'S INFRINGING ACTIVITIES

14.   Beginning after NVE's products entered the market, and with full knowledge of NVE's products and marks, Defendant began misusing NVE's Marks and Trade Dress in various ways to distribute, market, and sell counterfeit and infringing products to the detriment and injury of NVE.

15.     On February 11, 2004, the Food and Drug Administration ("FDA") issued its Final Rule Declaring Dietary Supplements Containing Ephedrine Alkaloids Adulterated Because They Present an Unreasonable Risk," 69 Fed. Reg. 6788 (February 11, 2004) (hereinafter the "Final Rule"). The Final Rule declared all dietary supplements containing ephedrine alkaloids adulterated under the Federal Food, Drug and Cosmetic Act (hereinafter "FFDCA"), as amended by the Dietary Supplement Health and Education Act of 1994 (hereinafter "DSHEA"). 69 Fed. Reg. 6788, codified at 21 C.F.R. § 119.1. The Final Rule had the effect of prohibiting the marketing, distribution, and sale of dietary supplements containing ephedrine alkaloids after April 12, 2004.

16.     Following the imposition of the FDA's Final Rule, NVE reformulated its products to eliminate the banned substance ephedra, and began distribution, marketing, and sales of ephedra-free nutritional supplements using NVE's Marks and Trade Dress immediately following the April 12, 2004 effective date of the Final Rule.

17.     Instead of obtaining and reselling NVE's legitimate ephedra-free STACKER 2 nutritional supplement products, the Defendant began offering counterfeit and infringing "Stacker 2" and "Stacker 3" products allegedly containing the banned substance ephedra to the general public.

18.     Upon information and belief, Scot Famous manufactured, marketed, and/or distributed products counterfeiting and infringing upon NVE's Marks and Trade Dress which were sold through both traditional and online distributors and retailers.

19.     The counterfeit products offered for sale by Defendant were not manufactured or authorized by NVE. Defendant labeled these products using NVE's Marks and Trade Dress to imply that they were made by or sponsored by NVE and contain ephedra, a substance no longer found in legitimate NVE products offered after the April 12, 2004 effective date of the FDA's Final Rule.

20.     Upon information and belief, long after NVE's adoption and use of its trademarks, long after NVE registered its STACKER 2 trademark, and long after NVE's trademarks had become famous, Defendant commenced the promotion, advertising, importation, distribution, offering for

sale and sale in commerce of merchandise bearing counterfeits and/or infringements of the NVE trademarks as those marks appear on look-a-like nutritional supplement products sold through the Defendant's business (the "Infringing Merchandise").

21. Notwithstanding Plaintiff's well-known and prior use of, and prior statutory and common-law rights in NVE's Marks and Trade Dress, Defendant, without the consent of Plaintiff, has adopted, used and caused to be used, and continue to use and cause to be used, NVE's Marks and Trade Dress in connection with identifying the source of the items offered through his business, including infringing and/or counterfeit items.

22. Upon information and belief, Defendant undertakes his infringing activities for profit as a business venture.

23. Defendant is not now and has never been authorized by NVE, and is not now and has never been entitled to use NVE's Marks and Trade Dress in connection with any business.

24. Defendant's use of NVE's Marks and Trade Dress is likely to cause confusion, mistake or deception. In particular, consumers are likely to believe that Defendant's merchandise, deemed adulterated by the FDA, is authorized, sponsored or otherwise approved by NVE when in fact it is not. Such confusion is likely to occur within the State of New Jersey.

25. NVE has been and continues to be injured by Defendant's unlawful acts.

26. Upon information and belief, Defendant has performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause, confusion, mistake or deception, and to appropriate and unfairly trade upon NVE's goodwill in NVE's Marks and Trade Dress.

27. As a proximate result of the acts of Defendant as alleged herein, NVE has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

28. Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court.

29. Defendant is not connected with NVE and has no authority from NVE to use any of NVE's Marks and Trade Dress.

30. NVE is suffering immediate and irreparable injury, loss, and damage as a result thereof.

31. NVE has no adequate remedy at law.

32. As shown herein, in connection with its goods or any container for goods, Defendant is using in commerce and, unless restrained, will continue to use in commerce, a word, term, name, or symbol which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with NVE or as to the origin, sponsorship, or approval of Defendant's goods. NVE believes that it is or is likely to be damaged by such acts.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING

33. NVE repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully set forth again herein.

34. This cause of action arises under Section 32 of the Trademark Act of 1946 as amended, 15 U.S.C. § 1114, for infringement of federally registered trademarks as set forth above.

35. By reason of the foregoing acts, Defendant has willfully and maliciously infringed NVE's federally registered trademarks without authorization, causing injury the full extent of which cannot be determined.

36. Plaintiff further alleges that activities of Defendant as set forth above constitutes willful and intentional use of counterfeits and infringements of NVE's federally registered trademarks in contravention of NVE's rights.

37. As a proximate result of the acts of Defendant as alleged herein, NVE has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

38. Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court.

39. Defendant is not connected with NVE and has no authority from NVE to use any of

NVE's trademarks.

## COUNT II

### FALSE DESIGNATION OF ORIGIN OF PRODUCTS, DILUTION, FALSE ADVERTISING AND FALSE DESCRIPTION AND REPRESENTATION

40. NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of this Complaint as if fully set forth again herein.

41. This cause of action arises under Section 43(a) of the Trademark Act of 1946 as amended (15 U.S.C. § 1125(a)) for false designation of the origin of products and false description and representation, false advertising as well as dilution of the marks (15 U.S.C. § 1125(c)).

42. By reason of the foregoing acts, Defendant has falsely designated the origin of the products they are marketing and has otherwise made false descriptions and representations about such products. Defendant's activities are likely to create confusion among the purchasing public, are likely to deceive purchasers concerning the source or sponsorship of such products, and will otherwise mislead purchasers as to the origin of the products sold by or on behalf of Defendant.

43. Defendant's misleading use of NVE's Marks and Trade Dress constitutes false advertising, false designation of origin, and false representation in and affecting interstate commerce.

## COUNT III

### COMMON LAW OF UNFAIR COMPETITION

44. NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint as if fully set forth again herein.

45. This cause of action arises under the common law of unfair competition.

46. Defendant, by reason of the foregoing acts, has traded upon and appropriated the reputation and valuable good will of NVE and has acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of Plaintiff's products. In general,

Defendant's acts are likely to lead the public some way sponsored by, or associated with, NVE, and/or create the impression that Defendant's and Plaintiff's products are distributed under the same corporate aegis and authority.  Defendant's activities constitute unfair competition and a misappropriation and infringement of NVE's common law trademark rights.

## COUNT IV

### TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

47.     NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 46 of this Complaint as if fully set forth again herein.

48.     This cause of action arises under the laws of the State of New Jersey.

49.     Defendant, by reason of the foregoing acts, has injured NVE's business reputation and diluted the distinctive quality of its marks under the common and statutory laws of the State of New Jersey.

## COUNT V

### TRAFFICKING IN COUNTERFEIT MARKS UNDER N.J.S.A. 56:3-13.16 et seq.

50.     NVE repeats and realleges each and every allegation contained in Paragraphs 1 through 49 of this Complaint as if fully set forth again herein.

51.     This count arises under N.J.S.A. 56:3-13.16, a statute of the State of New Jersey.

52.     Defendant, by reason of the foregoing wrongful acts, has knowingly trafficked in counterfeit marks in the conduct of his business, which acts and practices have injured NVE within the meaning, and in violation of the statutes of the State of New Jersey.

## COUNT VI

### UNFAIR COMPETITION UNDER N.J.S.A. 56:4-1

53.     NVE repeats and realleges each and every allegation contained in Paragraphs 1 through

52 of this Complaint as if fully set forth again herein.

54. This count arises under N.J.S.A. 56:4-1, a statute of the State of New Jersey.

55. Defendant, by reason of the foregoing wrongful acts, has engaged in unfair methods of competition and unfair and deceptive acts and practices in the conduct of his trade, which acts and practices have injured NVE within the meaning, and in violation of the statutes of the State of New Jersey.

## ALLEGATION OF DAMAGE

NVE has suffered, is suffering and will continue to suffer irreparable harm and damage as a result of Defendant's aforesaid activities. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to NVE's irreparable damage. NVE's remedy at law is not adequate to compensate it for the injuries suffered and threatened. By reason of Defendant's acts complained of herein, NVE has suffered monetary damages in an amount not yet determined.

**WHEREFORE**, NVE demands: That Defendant, his agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

1. (a) using NVE's Marks and Trade Dress or any colorable imitation thereof; (b) advertising, distributing, offering for sale or selling any goods or services related to the nutritional and diet industry using NVE's Marks and Trade Dress or any variations thereof; (c) using, in connection with the advertising, offering for sale or sale of any products, any false designation, description or representation stating or implying that NVE is the origin of, or connected with any of the products offered for sale by Defendant; (d) passing off or inducing or enabling others to sell or pass-off products, not originating from or sponsored by NVE; (e) otherwise infringing upon, diluting, or trafficking in counterfeits of NVE's Marks and Trade Dress or competing unfairly with

NVE or injuring its business reputation.

2. That Defendant be ordered to deliver up for destruction all infringing products and materials bearing NVE's Marks and Trade Dress or any colorable imitation thereof, including, but not limited to, nutritional and dietary supplements, labels, promotional literature, catalogues, business cards, letterheads, packaging, advertisements, price lists and like materials, as set forth in Section 36 of the Trademark Act of 1946 as amended (15 U.S.C. § 1118), or in N.J.S.A. 56:3-13.16.

3. That Defendant place advertisements, as directed by this Court, indicating that the products previously provided by him in violation of NVE's rights were not in any way connected with NVE and that NVE's Marks and Trade Dress were improperly used in connection therewith.

4. That Defendant, his agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through or under them, with notice of the Court's Order by personal service, electronic mail, or otherwise, be temporarily, preliminarily and thereafter permanently enjoined and restrained from:

(a) using in any manner NVE's Marks and Trade Dress, and any other term or terms likely to cause confusion therewith as Defendant's domain name, directory, or other such computer address, as the name of their website, in buried code words or metatags, on their home page, on computer media, or in connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of his goods, services, or website or services; and, (b) disseminating, using or distributing any website pages, advertising or internet code words or titles, or any other promotional materials whose appearance so resembles NVE's Marks and Trade Dress so as to create a likelihood of confusion, mistake or deception;

5. That Defendant, his agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through or under them, with notice of the Court's Order by personal service, electronic mail, or otherwise, and each of them, be

temporarily, preliminarily and thereafter permanently enjoined and be restrained from diluting NVE's Marks and Trade Dress;

6. That Defendant be directed to delete from his computer files, menus, hard drives, servers, diskettes, and backups, NVE's Marks and Trade Dress and any copy, simulation, variation or colorable imitations thereof;

7. That within 24 hours of entry of an Order of the Court, Defendant delete such references to NVE's Marks and Trade Dress used in any manner in hidden code or text or website material anywhere on the internet;

8. That Defendant be ordered to notify in writing and direct to all publishers of directories or lists in which Defendant's use of NVE's Marks and Trade Dress appear, to delete all references to these names as they relate to Defendant from their private or public databases, search engine directories, directory assistance and from all future directories in which said name is to appear, and to delete all forwarding or cache memory or storage mechanisms referencing such trademarks as they relate to Defendant;

9. That Defendant shall immediately notify in writing and direct all publications including internet websites and search engines in which any advertisements or other references to Defendant's business using NVE's Marks and Trade Dress are scheduled to appear, including keyword, sponsored links, or banner ads, to cancel all accounts, advertisements and references using NVE's Marks and Trade Dress;

10. That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Injunction and Order;

11. That Defendant be required to account for and pay over to NVE all damages sustained by NVE, the amount of which cannot be calculated at this time;

12. That Defendant be required to pay to NVE all statutory damages in an amount to be determined for their use of counterfeits of NVE's registered trademarks under 15

11

U.S.C. § 1117(c);

13. That Defendant be required to account for and pay over to NVE all profits realized by Defendant by reason of their unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

14. That Defendant be required to pay NVE punitive damages as may be permitted by law or in the discretion of the Court;

15. That Defendant be required to post any Order of the Court on any website owned or operated by Defendant and give notice thereof to all their correspondents, customers, members and subscribers;

16. That NVE have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendant is authorized by NVE or related in any way to NVE or its products; and

17. That NVE be awarded the costs and disbursements of this action, together with all reasonable attorneys' fees and lawful interest; and

18. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

        Nicoll Davis & Spinella LLP
        Attorneys for Plaintiff, N.V.E., Inc.

Dated: April 2, 2008        /s/ Charles P. Guarino
        CHARLES P. GUARINO

**CERTIFICATION PURSUANT TO L. Civ. R. 11.2**

This matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                              Nicoll Davis & Spinella LLP
                                              Attorneys for Plaintiff, N.V.E., Inc.

Dated:  April 2, 2008                          /s/ Charles P. Guarino
                                              CHARLES P. GUARINO