RECEIVED
JAN 11 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.V.E., INC., <br><br> Plaintiff, <br><br> vs. <br><br> SCOT FAMOUS, <br><br> Defendant. | Civil Action No. 3:08-cv-01633-FLW-TJB <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT** |

This matter being brought before the Court by Nicoll Davis & Spinella LLP, Attorneys for Plaintiff N.V.E., Inc. ("Plaintiff" or "NVE"), against Defendant SCOT FAMOUS ("Defendant"); the parties having consented to the entry of a Final Judgment and Permanent Injunction on Consent in the form set forth below; and good cause having been shown;

IT IS ON this __11th__ day of __January__ 2010;

**ORDERED effective immediately** that Defendant, his officers, agents, servants, employees, and those persons in active concert or participation with them are permanently enjoined and restrained from:

A. Manufacturing, distributing, offering, selling, advertising, or promoting any goods or service using, referring to, or bearing NVE's company name or any registered or common law trademark owned by NVE, including but not limited to its STACKER 2 mark under U.S. Trademark Reg. No. 2,190,936 and its STACKER 3 mark under U.S. Trademark Reg. No. 2,205,679;

B.  Any false advertisements, statements or designation of origin, false description or representation, or other action that causes confusion or deceives anyone into believing that Defendant or Defendant's goods or services are in any way associated, affiliated, or related to Plaintiff or Plaintiff's goods and services;

C.  Counterfeiting or infringing upon NVE's trademarks, trade dress, and/or competing unfairly with Plaintiff, injuring its business reputation, or diluting the distinctive quality of its trademarks;

D.  Committing any act calculated or likely to cause confusion, deception or mistake as to the affiliation, connection or association of defendant and its goods and Plaintiff or Plaintiff's goods;

E.  Purchasing any NVE products from any source for resale or distribution to others;

F.  Challenging the validity of NVE's trademarks or trade dress, directly or indirectly, or voluntarily assisting any other party in challenging either the validity and/or enforceability of Plaintiff's trademarks or trade dress;

And it is further **ORDERED** that Defendant shall:

G.  Divulge any and all information within his possession or control concerning adulterated, misbranded, counterfeit and/or infringing goods bearing trademarks or trade dress identical or confusingly similar to those owned by NVE, and cooperate and comply with NVE in its investigations and litigations against third parties regarding same;

H.  At his sole cost and expense, cooperate and comply with all other terms of the Settlement Agreement between the parties.

And it is further **ORDERED** that:

I.  Judgment in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000) shall be entered against Defendant.

SO ORDERED:

_____
U.S.D.J.

ENTRY OF THE FOREGOING IS CONSENTED TO BY:

NICOLL, DAVIS & SPINELLA LLP
Attorneys for Plaintiff,
N.V.E., Inc.

By: _____
Charles P. Guarino

SCOT FAMOUS,
Defendant

By: _____
Scot Famous